IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:10-CV-00057-D

| | |
|---|---|
| STEPHEN KYPRIANIDES, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER AND** |
| | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| COUNTY OF BERTIE, N.C., | ) |
| Defendant. | ) |

This matter is before the Court on *pro se* Plaintiff's application to proceed *in forma pauperis* [DE-1] and for frivolity review under 28 U.S.C. § 1915. Stephen Kyprianides ("Plaintiff") receives $737 per month in retirement benefits. He also owns a home valued at $10,000 and two cars valued at $300 and $250, respectively. However, he has legitimate monthly expenses of $700 and claims to have depleted his savings in paying for his house. Accordingly, the Court is satisfied that he has demonstrated appropriate evidence of inability to pay the required court costs and his application to proceed *in forma pauperis* is allowed.

Notwithstanding the determination that a plaintiff is entitled to *in forma pauperis* status, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). *Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

After careful review of Plaintiff's Complaint [DE-1-2], and giving due consideration to Plaintiff's *pro se* status, the Court concludes that Plaintiff's complaint fails to state a claim on

which relief may be granted in federal court.[1] Plaintiff filed this suit on October 25, 2010 against the County of Bertie, N.C. ("the County"). In his Complaint, Plaintiff describes the following facts:

From at least 2002 to 2009, Plaintiff lived in Lewiston, North Carolina, sharing his home with "his animals," at least twenty dogs and cats. Compl. at 1-6. Beginning in 2002, Plaintiff periodically came into contact with the County's animal control and law enforcement officials regarding his keeping of the animals. *Id.* For example, on one occasion, he was required by animal control to find larger quarters for the animals due to their number and he complied by moving from a trailer to a house. *Id.* at 1. On another occasion, he made accommodations at law enforcement's request in order to avoid noise complaints from neighbors. *Id.* On a third occasion, Plaintiff was arrested on charges of transporting animals in a cruel manner, though the case was eventually dismissed. *Id.* at 2.

In May of 2009, Plaintiff's animals were taken by animal control. *Id.* at 3. Three weeks later, Plaintiff was arrested on misdemeanor charges of animal cruelty. *Id.* Plaintiff believes that these actions should not have been taken as his animals were in good health. *Id.* at 3-4. Plaintiff's case was brought in state district court on these charges in December of 2009 and at that time, he pled no contest. *Id.* at 4. As a result, he was sentenced to a 45-day suspended sentence, two years probation, and was not allowed to be around any animals during that time. *Id.* His appeal to the Superior Court was heard on August 9, 2010. *Id.* at 5. Plaintiff once again pled no contest and this time received a 90-day suspended sentence, two years probation with six

---

[1] Plaintiff filed a second copy of the same complaint in a companion case, *Kyprianides v. Perry Martin*, 2:10-CV-00058-D, on the same day as the Complaint in the instant case. The Court is also recommending dismissal of Plaintiff's other action by separate Memorandum and Recommendation. However, the Court notes that, judging by their captions, the instant case appears to be directed at the actions of the County and its companion case appears to be geared towards the conduct of Plaintiff's attorney, Perry Martin. Accordingly, the Court will address Plaintiff's allegations against the County in this Memorandum and Recommendation and reserve analysis of the separate allegations against Perry Martin for the Memorandum and Recommendation in the companion case.

months strict supervision, and was still not allowed to be around any animals. *Id.* As a result of the foregoing events, all of Plaintiff's animals were ultimately either euthanized or adopted out to other households. *Id.* at 4.

In addition to the above incidents relating to his animals, Plaintiff also asserts that the County cut down trees and installed a public garbage can on Plaintiff's property without his permission, constituting further harassment. *Id.* at 3. As a result of all of the foregoing allegations, Plaintiff asks the Court to award him monetary relief from the County for the "pain, suffering, torment, anxiety and grief" that the County has caused him and in order to "stop the harassment." *Id.* at 6.

Plaintiff asserts that the Court has jurisdiction "because the issues set forth pertain to Discrimination, Harassment and a violation of Due Process rights." *Id.* at 1. More specifically, Plaintiff alleges in his complaint that the County (1) has "wrongfully and illegally taken" his animals away; (2) has "continually been harassing" him; and (3) has "wrongfully arrested" and "wrongfully convicted" him. *Id.* at 1.

To the extent that Plaintiff is attempting to assert that the County has unlawfully discriminated against or harassed him in taking away his animals, Plaintiff has alleged absolutely no facts that tend to establish a prima facie case of any type of discrimination or harassment. Specifically, nowhere in his Complaint does Plaintiff assert that he is a member of any protected class or give any other indication as to why the County's actions were discriminatory or harassing towards him in particular.

As to his Due Process claim, it is unclear whether Plaintiff is attempting to assert a violation of his procedural or substantive due process right and therefore, in an abundance of caution, the Court will consider both possibilities. To the extent that Plaintiff believes he has

3

been deprived of liberty or property without appropriate procedural safeguards, the Court notes that Plaintiff seems to have appeared in state court, been represented by counsel, and appealed the state court's initial decision. Furthermore, he has alleged no other facts that would tend to indicate that he has been unconstitutionally deprived of a fair process in some other way. To the extent that Plaintiff believes he has suffered a violation of his substantive due process rights, the Court simply notes that animal ownership is not the type of protected property interest that would trigger heightened scrutiny.

Accordingly, the Court finds that Plaintiff has failed to provide a basis for maintenance of the instant action against the County and thus fails to state a claim on which relief may be granted in federal court.

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. However, the Court **RECOMMENDS** that the complaint be **DISMISSED** on frivolity review for failure to state a claim on which relief may be granted in federal court.

The Clerk shall send a copy of this Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

4

This the 17th day of December, 2010.

/s/ David W. Daniel
DAVID W. DANIEL
United States Magistrate Judge